# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID SCHILLER,

        Appellant,

        v.

DEPARTMENT OF DEFENSE,

        Agency.

DOCKET NUMBER
PH-0432-13-0143-I-1

DATE: January 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>J. Thomas Harrington</u>, Esquire, Washington, D.C., for the appellant.

<u>Timothy A. Wray</u>, Fort Belvoir, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance and denied his affirmative defenses. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency appointed the appellant as professor of contract management at the Defense Acquisition University on July 5, 2011. Initial Appeal File (IAF), Tab 5 at 175. The agency placed him on a 5 ½-month performance improvement plan (PIP) on May 10, 2012, based upon the agency's determination that the appellant's performance was unacceptable in the critical elements of teaching, knowledge management, and leadership. *Id*. at 135-42. The agency issued a notice of proposed removal under chapter 43 for failing to satisfy the requirements of the PIP in October 2012. *Id*. at 45-48. Regarding the teaching goal, the agency stated that the appellant received sub-element scores below the required level in two appraisal categories, he received negative comments from students, and the dean did not grant certification to teach the required class due to "the continued inconsistent level of instruction and leadership demonstrated in the classroom." *Id*. at 45-46. The notice stated that the appellant failed to meet his knowledge sharing objective in that he did not answer two "Ask a Professor" (AAP) questions per month or successfully complete two Acquipedia articles by

the deadline. *Id*. at 46. Finally, the agency maintained that the appellant had failed to demonstrate appropriate leadership skills. *Id*. After reviewing the appellant's oral and written responses, the dean, as deciding official, found that the proposed removal was supported by a preponderance of the evidence and removed the appellant from his position. *Id*. at 36-37, 42-44.

¶3 The appellant filed an initial appeal challenging his removal and raising affirmative defenses of sex and age discrimination. IAF, Tab 1 at 4, 7. After a 5-day hearing, the administrative judge issued an initial decision affirming the agency's removal action and denying both of the appellant's affirmative defenses. IAF, Tab 63, Initial Decision (ID). In her initial decision, the administrative judge found that the appellant's performance standards were valid, the agency properly communicated them to the appellant, and the appellant was given a reasonable opportunity to improve his performance but it remained unacceptable in the three critical elements alleged by the agency. ID at 5-20. The administrative judge found that the record did not support the appellant's allegations of discrimination based on sex or age, and that the appellant had not shown that he was treated differently or more harshly than younger female employees. ID at 29.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 In his petition for review, the appellant argues that the administrative judge made numerous erroneous findings of material fact in the initial decision and that the Board should substitute its own determinations of fact for those made by the administrative judge. Petition for Review (PFR) File, Tab 1 at 4. The appellant alleges that the administrative judge failed to consider much of the appellant's evidence, thus making erroneous determinations, regarding his allegations as follows: (1) the agency violated the express terms of the PIP by increasing the appellant's workload; (2) the agency failed to provide the appellant with a reasonable opportunity to demonstrate acceptable performance; (3) the appellant reduced the number of negative student comments and was denied certification

for the required class by the dean's abuse of discretion; (4) the agency delayed in providing a classroom observer during the PIP, which impacted his PIP performance; (5) the appellant made an innocuous comment about Afghanistan; (6) the appellant complied with administrative processes and procedures regarding attendance at a conference, use of supplementary materials, cell phone usage, seating assignments, and generation of AAP questions; (7) the agency showed animus in imposing improper AAP and Acquipedia PIP requirements, but that the appellant established success in meeting the requirements; and (8) the record contained evidence of the dean's personal animus and gender bias. *Id*. at 4-5. The agency has filed a response, arguing that the administrative judge's findings are consistent with the evidence and should not be disturbed. PFR File, Tab 3 at 4. The appellant has filed a reply, again arguing that the initial decision does not demonstrate that the administrative judge considered the specific facts and evidence he cited in his petition for review. PFR File, Tab 4 at 4-5.

¶5        We have reviewed the appellant's petition for review and the administrative judge's thorough analysis in the initial decision and find that the appellant has presented no basis on review to disturb the initial decision. The petition for review identifies certain evidence and arguments, made below as part of the voluminous record in the present case, and asserts that the administrative judge ignored or failed to consider the evidence because the 35-page initial decision did not specifically address each detail regarding the appellant's tenure at the agency. *See* PFR File, Tab 1 at 4-5; IAF, Tab 61 at 19, 24-26, 44-47, 58-60, 64, 68, 71-72, 81-82. An administrative judge's determination not to mention all of the extensive testimony and evidence does not mean that she did not consider it in reaching her decision upholding the agency's action. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The appellant argues that the initial decision failed to meet the requirements of *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980), in which the Board stated that an

initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's legal reasoning and conclusions of law. PFR File, Tab 4 at 5. In contrast to the initial decision in *Spithaler*, 1 M.S.P.R. at 589, the initial decision in the present case contains approximately thirty pages of detailed analysis, ID at 2-31. The appellant offers no authority for the proposition that an initial decision must address each individual alleged fact in the voluminous written and hearing record, and ignores the instruction of *Spithaler* to "summarize" the evidence. *See Spithaler*, 1 M.S.P.R. at 589. We find that the appellant's arguments on review constitute mere disagreement with the administrative judge's explained findings on the issues, and we see no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge in this appeal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The administrative judge properly sustained the appellant's removal.</u>

¶6      To prevail in an appeal of a performance-based removal under chapter 43, the agency must establish the following by substantial evidence[2]: (1) the agency notified the appellant of the performance standards and critical elements of his position; (2) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (3) the agency warned the appellant of the inadequacies of his

---

[2] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 (2013) (quoting 5 C.F.R. § 1201.56(c)(1)). The agency's evidence need not be more persuasive than that of the appellant to meet this standard, as substantial evidence is a lesser standard of proof than preponderance of the evidence. *Towne*, 120 M.S.P.R. 239, ¶ 6.

performance during the appraisal period and gave him an adequate opportunity to improve; and (4) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 (2013). The appellant challenges the administrative judge's findings that the agency proved requirements three and four by substantial evidence. *See* PFR File, Tab 1 at 4-5.

¶7        We find that the appellant has not shown that the administrative judge erred in finding that the agency provided him with a reasonable opportunity to demonstrate acceptable performance during the PIP. PFR File, Tab 1 at 9-10. In her well-reasoned initial decision, the administrative judge cited Board authority for the relevant factors in a determination of a meaningful opportunity to improve, including the nature of the appellant's employment duties, the performance deficiencies involved, and the amount of time sufficient to enable the employee to demonstrate acceptable performance. *See* ID at 11; *see also Macijauskas v. Department of the Army*, 34 M.S.P.R. 564, 566 (1987), *aff'd* 847 F.2d 841 (Fed. Cir. 1988) (Table). The appellant makes no argument of legal error but alleges that the administrative judge ignored evidence that the agency had increased his workload during the PIP and that the PIP requirements were "non-negotiable" and exceeded the requirements of his Faculty Career Assessment Plan (FCAP). PFR File, Tab 1 at 9-10. As noted by the administrative judge, the record demonstrates that the agency provided the appellant with an extended 5 ½-month PIP period with clear written requirements and that his supervisor provided him with regular feedback both in writing and periodic in-person progress meetings. *See* IAF, Tab 5 at 49, 58-88, 135-38; ID at 3, 13, 16.

¶8        We have considered the appellant's arguments that the agency did not provide him a reasonable opportunity to demonstrate acceptable performance during the PIP and find that the record does not support such a conclusion. The appellant argued that he had "established" through the testimony of R.N., a

Defense Acquisition University department chair, that the PIP requirements improperly exceeded the FCAP requirements and that the dean and the appellant's immediate supervisor "did not want Schiller to succeed." PFR File, Tab 1 at 10; *see* IAF, Tab 61 at 61, 114-15; Hearing Testimony (HT) at 638: 4-15. The petition for review cites no authority for the proposition that the requirements in a PIP cannot exceed the requirements of the appellant's prior performance goals or that a PIP must be negotiable. Board authority states that an agency may modify the quality and quantity of performance required of its employees, as long as it does so according to a reasonable standard and makes the appellant aware of the modifications. *Mouser v. Department of Health & Human Services*, 32 M.S.P.R. 543, 548 (1987).

¶9        As for the testimony of R.N., the transcript reflects that he testified to his personal opinion that it was "inappropriate" to include a goal in a PIP not in the FCAP, but did not testify to an agency policy or other authority precluding such a practice. HT at 627: 14-24. R.N. testified that he was a professor and prior department chair of the Logistics Department, and that he was not the appellant's supervisor, but instead was personal friends with the appellant. *See* HT at 598: 5-22. He testified that he supervised only two faculty members, HT at 602: 21-23, and at no point indicated that he had any authority to determine the appropriateness of PIP goals determined by agency officials. Regarding the appellant's argument that the additional teaching assignment he accepted upon request by the agency negatively affected his ability to complete other PIP requirements, we note that, despite these claims, the appellant testified that he retained 2 weeks of "white space" during the month preceding the deadline for his two Acquipedia articles. *See* PFR File, Tab 1 at 8-9; HT at 1299: 16-25. Thus, after reviewing the evidence highlighted by the appellant, we find that this evidence does not undermine the administrative judge's well-reasoned finding that the appellant was given a reasonable opportunity to demonstrate acceptable performance during his PIP.

¶10     The appellant argues that the administrative judge erred in finding that the agency established that the appellant's performance remained unacceptable in at least one critical element, alleging that she failed to consider his evidence because she did not address several of his alleged facts. *See* PFR File, Tab 1 at 10-30.    The administrative judge need not respond to every theory and speculation presented by the appellant in reaching her determination. *See Marques*, 22 M.S.P.R. at 132. Moreover, we find that none of the claimant's arguments are of sufficient weight to overturn the administrative judge's finding that his performance remained unacceptable in at least one critical element. The failure to demonstrate acceptable performance under a single critical element will support removal under chapter 43. *Towne*, [120 M.S.P.R. 239](#), ¶ 6. As such, we find it necessary to discuss only one critical element in this decision.

¶11     Regarding the critical element of knowledge sharing, the appellant's arguments on review mirror the arguments that he made before the administrative judge, who considered them in her thorough and well-reasoned decision. *See* IAF, Tab 61 at 92-95; PFR File, Tab 1 at 29-30. The administrative judge found that the agency established that the appellant had not met his PIP goal in the critical element of knowledge sharing, which in part required the appellant to complete and submit for publishing two Acquipedia articles by October 1, 2012. ID at 14-15; *see* IAF, Tab 5 at 42, 136-37. The appellant argues that he "established his own success" in meeting the requirement, which was improper as many agency professors submitted none in a given year, but that his supervisor deviated from the normal handling process. PFR File, Tab 1 at 29; *see* IAF, Tab 61 at 92-95. Both the appellant and his supervisor testified that the appellant submitted his second Acquipedia article on September 28, 2012. HT at 60: 5-7, 231: 5-6, 1177: 10-16. The appellant's supervisor further testified that September 28, 2012, was a Friday and that the appellant submitted the draft article at 4:25 p.m., which did not satisfy the PIP requirement that the articles be completed, have been reviewed and concurred upon, and submitted for publishing

by Monday, October 1, 2012. HT at 231: 5-15; *see* IAF, Tab 5 at 137. Indicating the administrative judge's review of the evidence, the initial decision discussed both the testimony of the appellant and his supervisor regarding the PIP goals in this critical element, including the testimony regarding the suitability of the articles for publication when submitted by the appellant. ID at 14-15. As discussed above, despite his arguments that the increased course load negatively affected his ability to draft the articles, PFR File, Tab 1 at 29-30, the appellant testified that he had 2 weeks in September without teaching commitments, to which he referred as "white space," and he offered no argument that the length of his PIP was insufficient to complete the assignment, HT at 1299: 16-25. Thus, we find that the appellant's arguments on review constitute mere disagreement with the factual findings of the administrative judge. The initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions that the agency had met its burden of proving continued unacceptable performance despite a reasonable opportunity to improve. *See Paetow v. Department of Veterans Affairs*, 118 M.S.P.R. 462, ¶ 13 (2012).

<u>The administrative judge correctly found that the appellant failed to prove his affirmative defenses.</u>

¶12    The appellant argues that the administrative judge failed to consider his evidence of the agency's animus in imposing improper PIP requirements with respect to the AAP questions and Acquipedia articles. PFR File, Tab 1 at 26-30. The appellant does not specify the nature of this "animus" on review but merely alleges that other professors were not subject to the same requirements. *Id.* The appellant further argues that the administrative judge failed to consider his evidence of the dean's "personal animus and gender bias," despite conceding that the administrative judge did an "adequate job" considering evidence regarding identified comparators and the testimony of a particular former instructor. *Id*. at 31; *see* PFR File, Tab 4 at 17-18. He argues that the administrative judge made

an erroneous finding of material fact because she "ignored" the appellant's evidence that the dean misinterpreted his comments and actions as inappropriate without reason. PFR File, Tab 1 at 31-32. Notably, the appellant cited only the dean's misinterpretation of the appellant's behavior as evidence of gender bias on review and repeated no allegations of disparate treatment based on the appellant's age. *Id*.; *see* IAF, Tab 1 at 30-32.

¶13    We find that the appellant has presented no basis for overturning the administrative judge's findings. In her initial decision, the administrative judge provided in-depth analysis for her finding that the appellant had not clearly established that he was treated more harshly than younger or female faculty members.[3]    ID at 25-26. The appellant argues that the administrative judge ignored his evidence of the dean's gender bias because she did not specifically discuss his arguments concerning three particular incidents of alleged misunderstanding by the dean of the appellant's words or actions. *See* PFR File, Tab 4 at 17-18. As discussed above, an initial decision need not mention all of the extensive testimony and evidence in reaching a well-reasoned determination. *Marques*, 22 M.S.P.R. at 132. The administrative judge discussed the diverging testimony of numerous witnesses and her reasons for finding that one witness who testified to the gender bias of the dean lacked credibility because he never observed the dean and the appellant together, unlike the other witnesses. ID at 28-29. The appellant has not provided any arguments of legal error or sufficiently sound factual reasons on review to overturn the administrative judge's findings concerning his affirmative defenses. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference

---

[3] Although we find it unnecessary to discuss the appellant's performance in the critical elements of teaching and leadership, we have reviewed his arguments on review that the agency failed to meet its burden to prove that his performance remained unacceptable in these critical elements during the PIP. Even if we found these arguments persuasive, the evidence in the record is insufficient to meet the appellant's burden of proof concerning his discrimination claims.

to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶14 For the aforementioned reasons, the administrative judge's initial decision sustaining the appellant's removal from employment is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.